# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| THEODORE BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | Case No. CV410-029 |
| | ) | CR494-086 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

In 1994 Theodore Brown was convicted by a jury on one count of violating 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon), and on February 13, 1995 he was given an enhanced sentence of 312 months in prison under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). CR494-086, doc. 29. Brown unsuccessfully appealed. Doc. 37 (affirming judgment, mandate filed May 13, 1996). In 2009, he unsuccessfully sought a sentence reduction, *id.* docs. 39 & 43, before moving this Court for 28 U.S.C. § 2255 relief in a petition dated February 9, 2010. Doc. 44 at 6. Evidently oblivious to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) (requiring that he seek § 2255

relief within one year of his conviction's finalization), Brown now reports the result of his "investigation" of this case (in raw, uncorrected form):

> Upon Investigation it has been discovered that the judge is operating with COLOR OF LAW, COLOR OF AUTHORITY, and is in Violation of THE CODE OF LAWS OF THE UNITED STATES OF A GENERAL AND PERNANET CHRCTER, Title 18 § 241, 242, and Title 42 § 1983, 1985, 1986. The judge was also in violation of the united States Constitution , Article (1) section (9) clause (3), Article III, section I and the V Amendment Due Process.
>
> No Bill Of Attainder or Ex Post Facto Law Shall Be Passed: With the examination of the Organic Constitution, it is very clear that no Government Official, Nor the Congress can make a Law to Prescribe punishment without trial, Nor use the Limited Power allocated to them through the Sovereign Authority of the Constitution of the Rpublic of the United States , to make or pass any Law contrary to or not in Harmoney with the Constitution. See: Article (1) section (9) clause (3)  No Bill of Attainder or Ex Post Facto Law Shall be Passed".

Doc. 44 at 2. The rest of his § 2255 motion travels down the same nonsensical road.

Courts may summarily dismiss § 2255 motions where it "plainly appears . . . that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings; *see also Gaines v. Warden, FCC Coleman*, No. 09-14071 (11th Cir. May 25, 2010). Not only is Brown's § 2255 motion facially frivolous, it is time-barred by many years, and he

2

does not even attempt to raise a § 2255(2)-(4) exception to the limitations statute, much less an equitable tolling argument.

Accordingly, the Court should **DENY** Theodore Brown's § 2255 motion **WITH PREJUDICE**. Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u>26th</u> day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA